UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GUMA AGUIAR,   CASE NO. 09-60683-CIV-SEITZ/O'SULLIVAN

    Plaintiff,
vs.

WILLIAM NATBONY et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant William Natbony et al.'s (hereinafter "defendant") Bill of Costs (DE# 316, 1/24/11) against the Plaintiff Gumar Aguiar (hereinafter "plaintiff"). This matter was referred to United States Magistrate Judge John J. O'Sullican by the Honorable Patricia Seitz United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the Bill of Costs be GRANTED in part and DENIED in part in accordance with the Report and Recommendation below.

## BACKGROUND

The plaintiff initiated this lawsuit on March 26, 2009, in the Seventeenth Judicial Circuit in and for Broward County, Florida. The defendant removed the case to the Southern District of Florida, Fort Lauderdale Division on May 8, 2009. The plaintiff allegedly hacked into the defendant's email account and was privy to a substantial amount of privileged information between the defefendant and his counsel. See "Motion for Sanctions against Guma Aguiar and for Expedited Evidentiary Hearing" (DE# 51, 10/1/09 at 2). The defendant moved for sanctions against plaintiff on October 1, 2009, specifically seeking that the pleadings be stricken. See

"Motion for Sanctions against Guma Aguiar and for Expedited Evidentiary Hearing" (DE# 51, 10/1/09). On September 28, 2010, the Disctrict Court ordered that the claims be stricken. See "Order Adopting in Part Report and Recommendation and Striking Pleadings" (DE #301, 9/28/10 at 29).

The defendants filed their "Bill of Costs" on January 24, 2011, (DE# 316 ). The plaintiff filed "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11), and the defendant filed a reply on February 28, 2011 ("Defendant Katten Muchin Rosenmann LLP's Reply in Opposition to Objections to Bill of Costs," DE# 321).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorneys' fees "should be allowed to the prevailing party unless a federal statute, the Federal Rules, or a court order provide otherwise." See Fed. R. Civ. P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgement is rendered is the prevailing party for purposes of rule 54(d) . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). A presumption exists that the prevailing party is entitled to receive costs but allows the court to decide otherwise in its discretion. Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). A district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the

court. Id. at 1039; See also Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

Specifically, 28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the courts. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretaiton services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs. See E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). However, absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. §1920. See id. at 620; Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). "[T]he losing party bears the burden of demonstrating that a cost is not taxable unless the knowledge

regarding the proposed costs is within the exclusive knowledge of the prevailing party." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

The defendant submitted a Bill of Costs seeking an award of $35,464.77 in costs pursuant to 28 U.S.C. § 1920. See "Bill of Costs" (DE #316, 1/24/11). The plaintiff argues that the Court has already decided that an award of costs would be inappropriate and, in the alternative, that the defendant is not entitled to the costs because they were excessive or not necessary. See "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE #318, 2/10/11 at 2-3).

The plaintiff relies on the Court's finding in "Order Adopting in Part Report and Recommendation and Striking Pleadings" for its first argument. (DE #301, 9/28/10 at 28). The undersigned disagrees with the plaintiff's position. Although the Court found that "assessing attorney's fees and costs against Aguiar in addition to the dismissal of his claims and pleadings would amount to an abuse of the Court's discretion" it did so when deciding what would "be an appropriate **sanction** under the circumstances." See "Order Adopting in Part Report and Recommendation and Striking Pleadings" (DE #301, 9/28/10 at 28) (emphasis added). The Court's statment was made in contemplation of sanctions and it is in that context that the finding applies. Whether the prevailing party should be awarded costs pursuant to 28 U.S.C. § 1920 is a different matter and was not previously determined. Simply because the Court sanctioned the plaintiff with dismissal and not a monetary sanction does not foreclose an award of statutory costs to the prevailing party.

In accordance with the foregoing, the undersigned respectfully recommends that the Court award the defendant's costs as outlined below.

A. Fees of the clerk and marshal

The defendant seeks $350.00 for fees of the clerk and $90.00 for fees for service of summons and subpoena. The plaintiff did not object to an award of these costs. The undersigned finds these amounts reasonable and finds that the costs are permitted under 28 U.S.C. § 1920. Accordingly, the undersigned recommends the defendant recover ***$440.00*** for fees of the clerk and marshal.

B. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

The defendant seeks an award of $29, 841.96 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. See "Bill of Costs (DE# 316, 1/24/11 at 1). The plaintiff asserts that these costs should not be rewarded because they lack specificity and include costs which are not taxable under 28 U.S.C. § 1920, such as express delivery charges or ASCII disks. See "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11 at 2-3). In its assertion, the plaintiff cites Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 Fed. App'x 837, 846 (11th Cir. 2008) for support. The case cited to by the plaintiff examined a different issue than the one in the present case. In Gary Brown the Eleventh Circuit Court of Appeals examined whether the District Court Judge abused its discretion in reducing the costs and fees recoverable in a contract dispute. The fees and costs were reduced because they were only permitted under one of the claims and the prevailing party did not specifically identify which costs and fees applied to which claim. Gary Brown, 268 Fed. App'x at 845. Here, there is no such issue and the defendant is a prevailing party. Further, the undersigned finds that the itemization of costs and the

attached receipts and invoices of payment are sufficiently specific to show the items were necessarily obtained for use in the case.  See "Bill of Costs" (DE# 316, 1/24/11 Exhibits 1&4).

As to the plaintiff's objection for extra costs such as rush fees or condensed transcripts, the case law is clear that such added expenses are not taxable.  See Licausi v. Symantec Corp., 2009 WL 3177566 (S.D. Fla., 2009) at *3 (citations omitted) (holding that costs for "expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII" are not taxable under § 1920); Muldowney v. MAC Acquisition, LLC, No. 09-22489, 2010 WL 3385388 at *3 (S.D. Fla. July 30, 2010) (deducting rush fees from costs because they were for the convenience of the defendants);  Johnson v. Communications Supply Corp., No. 05-60510, 2006 WK 3709620, at *2 (S.D. Fla. Dec. 14, 2006) (removing rush fees, same-day service fees, and Federal Express fees in the award of costs).  However, it is equally clear that with the exception of one $45.00 charge for "Same Day Delivery," the defendant removed such charges from their Bill of Costs, as shown in the "Itemization of Costs."  See "Bill of Costs" (DE# 316, 1/24/11 Exhibit 1).

Accordingly, the undersigned finds that the defendant should be awarded **$29,796.96** fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($29,796.96 minus $45.00).

C. Fees and Disbursements for Printing and Witnesses

The defendant seeks an award of $2,059.35 for the fees and disbursements for witnesses.  The award sought is broken down as follows: $40.00 for attendance, $917.25 for subsistence, $94.00 for mileage or parking, and $1,008.10 in airfare.  See "Bill of

Costs" (DE# 316-1, 1/24/11 at 6).  Under § 1920(3) costs for printing and witnesses may be awarded.  See 28 U.S.C. § 1920.  Pursuant to 28 U.S.C. § 1821 (d)(1), "a substinence allowance shall be paid to a witness when an overnight stay is required."  28 U.S.C. § 1821 (d)(1).  This allowance shall "not exceed the maximum diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5."  28 U.S.C. § 1821 (d)(2).

The plaintiff objects to the amount of the award for subsistence and airfare as being excessive.  See "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11 at 2).  In their Reply, the defendant reduced the award sought to $1,186.30.  See "Defendant Katten Muchin Rosenmann LLP's Reply in Opposition to Objections to Bill of Costs" (DE# 317, 2/28/11 at 3).  The undersigned recommends that the lodging expense be reduced to the maximum per diem rate ($117) prescribed by the Administrator of General Services for the month of June in 2010.  The total lodging expense to be taxed is $351.00.[1]

Pursuant to 28 U.S.C. § 1821, a witness "shall be paid . . . actual expenses of travel."  28 U.S.C. § 1821(c).  The defendant has presented receipt of such costs as evidence of actual cost expended.  However, the plaintiff objects as to the amount and states that the airfare was not "at the most economical rate reasonably available," as required by 28 U.S.C. § 1821(c)(1).  See "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11 at 2).  In their Reply, the defendant agreed to a 50% reduction in the airfare.  The undersigned

---

[1] The witness stayed in Miami, FL for three nights: June 6-9, 2010.  See "Bill of Costs" (DE# 316-6, 1/24/11 at 3).

agrees that the reduction is reasonable and recommends the cost awarded for airfare be $504.05.

The plaintiff did not object to the $94.00 sought by the defendant for parking and mileage costs nor the $40.00 in attendance fees. Because such fees are taxable under 28 U.S.C.§ 1821(c)(3)[2] and 28 U.S.C. § 1821(b)[3] respectfully, the undersigned recommends that those costs be awarded in full.

After reviewing the pertinent law and filings, the undersigned recommends that the defendant be awarded ***$985.05*** in costs associated with fees and disbursements for witnesses.

D. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies Are Necessarily Obtained for Use in the Case

The defendant seeks $3,123.46 for fees for exemplification and the costs of copies.  The plaintiff objects to the award, arguing that the defendant did not "demonstrate[] that its expenses were necessary" and that the defendant  "has requested reimbursement for untaxable costs."  See "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11 at 3).  The plaintiff further argues that the defendant has not supported its claim for costs other than a 'conclusory assertion that its copying expenses were 'necessarily obtained for use in the

---

[2] The statute states in pertinent part: "[t]oll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses."  28 U.S.C. § 1821 (c)(3).

[3] The statute states in pertinent part: "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."  28 U.S.C. § 1821 (b).

case (sic).'"  The undersigned disagrees with the plaintiff's assessment of whether the defendant has met their burden in justifying the costs.  The defendant submitted a properly supported Bill of Costs, including an itemization list as well as photocopies of invoices paid.  <u>See</u> generally "Bill of Costs" (DE# 316, 1/24/11).  The copies were made for production to the plaintiffs or pursuant to a subpeona.  <u>See</u> "Bill of Costs" (DE# 316-1, 1/24/11 at 6); "Defendant Katten Muchin Rosenmann LLP's Reply in Opposition to Objections to Bill of Costs" (DE# 321, 2/28/11 at 2).

The plaintiff further objects to an award of costs for copies because of the costs associated with e-discovery conversions and labeling.  <u>See</u> "Plaintiff Guma Aguiar's Objections to Defendant Katten Muchin Rosenman, LLP's Bill of Costs" (DE# 318, 2/10/11 at 4) (objecting to Computer Tech Time, Electronic Bates Label, Scanning, and Conversion to Tiff Files charges).  In their objections, the plaintiff relies on a number of disctrict court cases.  The undersigned finds these cases unpersuasive or inapplicable in the instant case.

Instead, the undersigned looks to the Eleventh Circuit's decision in <u>Arcadian Fertilizer, L.P. v. MPW Indus. Services</u>, 249 F.3d 1293 (11th Cir. 2001) in analyzing this issue.  In that case, the Eleventh Circuit discussed the scope of "copies of paper" and "exemplification."  Since the decision in 2001, the statute was amended and section 4 now reads "costs of making copies of any materials."  28 U.S.C. §1920(4).  The reasoning used by the Eleventh Circuit still applies to the issue at hand.  When assessing whether oversize documents or colorphotographs were included in the category of "copies of paper,"  the Eleventh Circuit Court of Appeals found that an award for costs was appropriate.  The Court "read 'copies of paper' to mean **reproductions** involving

paper **in its various forms**."  Arcadian, 249 F.3d at 1296 (emphasis added).  Amending the statute to include any materials as opposed to just paper exemplifies the adoption of various new technologies for discovery and filings.  By a plain reading of the statute, copies of files, obtained from e-discovery, are taxable as long as they are "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Paired with a reading of the Eleventh Circuit Court of Appeals' opinion in Arcadian,  the costs for copies and for conversions from electronic to paper form are included as reproductions of materials necessarily obtained for use in the case.  The defendant agreed to reduce the costs by $750.00 for the "Computer Tech Time" charge after the plaintiff filed his objections.  The undersigned finds this reduction reasonable and respectfully recommends an award in the remaing amount.

After revieweing the pertinent law and filings, the undersigned recommends that the defendant be awarded *$2,373.46* for fees for exemplification and the costs of copies.

The undersigned finds that the defendant should be awarded $440.00 for fees of the clerk and marshal, $29,796.96 for printed or electronically recorded transcripts necessarily obtained for use in the case, $985.05 for costs associated with witnesses, and $2,373.46 for exemplification and the costs of copies, as outlined in the above Report and Recommendation, in the total amount of $33,595.47.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the Bill of Costs be **GRANTED** in part and **DENIED** in part and the defendant be awarded a total of *$33,595.47* in costs.  The parties have fourteen (14) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See Laconte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED** in Chambers, Miami, Florida, this **15th** day of April, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
Counsel of record