UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60683-CIV-SEITZ/SIMONTON

GUMA AGUIAR,

    Plaintiff,

v.

WILLIAM NATBONY, *et al.,*

    Defendants.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND AWARDING COSTS

THIS MATTER came before the Court on the Magistrate Judge's Report and

Recommendation [DE-325], in which Magistrate Judge O'Sullivan recommends granting in part

and denying in part Defendant Katten Muchin Rosenman LLP's (Katten) Bill of Costs [DE-316].

Katten filed the Bill of Costs after the Court entered its Order Adopting in Part Report and

Recommendation and Striking Pleadings [DE-301] (the Sanctions Order), in which the Court

struck Plaintiff's claims in this matter. Thus, as a result, Katten became a prevailing party and

sought its costs. Plaintiff has filed objections to the Report and Recommendation [DE-329], and

Katten has filed a response to the objections [DE-330]. Because Katten is the prevailing party, it

is entitled to recover $32,532.95 in recoverable costs pursuant to Federal Rule of Civil Procedure

54(d)(1) and 28 U.S.C. § 1920.

**Plaintiff's Objections**

### 1. *The Sanctions Order Does Not Preclude an Award of Costs*

Plaintiff first argues that the Sanctions Order precludes an award of costs. Plaintiff relies

on the Court's conclusion, in the Sanctions Order, that "assessing attorneys' fees and costs

against Aguiar in addition to the dismissal of his claims and pleadings would amount to an abuse of the Court's discretion and would not be an appropriate sanction under the circumstances." *See* DE-301 at 28. Plaintiff argues that to impose costs would violate the Court's previous ruling and would add additional monetary sanctions to the Sanctions Order. Despite Plaintiff's Objection, the Sanctions Order does not foreclose the awarding of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. The Sanctions Order specifically declined to award costs as a *sanction*; it did not address awarding costs to the prevailing party. Plaintiff has not objected to the finding that Katten was a prevailing party. Thus, this objection is overruled and Katten is entitled to costs as a prevailing party.

## 2. *The Cost Claims Did Not Lack the Requisite Specificity and Justification*

Plaintiff next argues that Katten has failed to show that the transcript costs, which Katten seeks to recover, were incurred for transcripts "necessarily obtained for use in the case." Plaintiff argues that the transcripts were of depositions taken in a different case, *Leor Exploration & Production, LLC v. Guiar*, Case No. 09-60136 (the Leor Case), and Katten was not a party in that case. Plaintiff further argues that, even if the transcripts were obtained for use in this case, he should not have to bear the full costs of those transcripts because they were obtained for use in another case, as well.

Plaintiff's objection ignores the fact that this case and the Leor Case were consolidated for purposes of discovery and the Court specifically ordered the parties to file all discovery related filings in the Leor Case only. *See* DE-16. Thus, even though Katten was not a party to the Leor Case, the only discovery done by Katten was done in the Leor Case, pursuant to Court order. Further, because Katten was not a party to the Leor Case, the deposition transcripts were

2

obtained by Katten solely for purposes of this case. Further, as Plaintiff recognizes, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. Plaintiff asserts that Katten has the exclusive knowledge. However, it is clear that Katten, who was not a party to the Leor Case, incurred these costs as a result of this case and Plaintiff has not met his burden of demonstrating that the transcript costs are not taxable. Therefore, Plaintiff's objection is overruled.

### 3. Katten Was Not Obligated to Show the Most Economical Rate Reasonably Available

Plaintiff's third objection is based on Plaintiff's assertion that Katten failed to show what the "most economical rate reasonably available" was for items such as airfare. Plaintiff has not cited any authority to support his proposition that Katten must prove the most economical rate reasonably available. Furthermore, 28 U.S.C. § 1821(c)(1) states that a witness "shall be paid for the actual expenses of travel." While Katten did not provide proof of the "most economical rate reasonably available," the Magistrate Judge reduced the amount of airfare sought by Katten by 50%. The Court finds this cost reasonable and finds that the airfare was an actual expense of travel. Consequently, Plaintiff's objection is overruled.

### 4. Katten is Not Entitled to Costs for Bates Labeling

Last, Plaintiff argues that the Magistrate Judge erred in awarding Katten its copying costs because the costs were incurred as a matter of convenience, not necessity. Specifically, Plaintiff objects to the taxing of costs for e-discovery conversions, computer tech time, electronic Bates labeling, and scanning. First, the Court notes that the Report specifically did not award costs for computer tech time. Additionally, 28 U.S.C. § 1920(4) allows the recovery of costs for "making

3

copies of any materials where the copies are necessarily obtained for use in the case." The statute

does not require that the copies be of the same type as the originals. Therefore, Katten's e-

discovery conversions and scanning are recoverable costs. However, the cost of Bates labeling is

not expressly recoverable under § 1920(4). Because Bates labeling is done for the convenience

of the parties, it is not a recoverable cost under § 1920. *Powell v. Home Depot, U.S.A., Inc.* 2010

U.S. Dist. LEXIS 110301, *46 (S.D. Fla. Sept. 14, 2010) adopted in its entirety by *Powell v.

Home Depot, U.S.A., Inc.*, 2010 U.S.Dist. LEXIS 110300, *4 (S.D. Fla. Oct. 18, 2010).

Therefore, the Court finds that Katten is not entitled to the $1,062.52 it seeks for Bates labeling.

Having carefully reviewed, *de novo*, Magistrate Judge O'Sullivan's Report and

Recommendation and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report and Recommendation [DE-325] is AFFIRMED and

ADOPTED in part. The Report and Recommendation is affirmed and adopted, except for the

award of costs for Bates labeling in the amount of $1,062.52.

(2) Defendant Katten Muchin Rosenman LLP's Bill of Costs [DE-316] is GRANTED in

part and DENIED in part. Defendant Katten is awarded costs in the amount of $32,532.95.

DONE and ORDERED in Miami, Florida, this 20 day of September, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge O'Sullivan
        All Counsel of Record

4